

*CJ14-1503*
*Dixon*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

ROBERT L. PHILLIPS, D.D.S.,    )
                            )
      Plaintiff,         )     **CASE NO. 2014-1503**
                            )
v.                         )    FILED IN DISTRICT COURT
                            )     OKLAHOMA COUNTY
                            )
HANOVER INSURANCE COMPANY   )    MAR 14 2014
                            )     TIM RHODES
      Defendant.      )     COURT CLERK
                                43

## PETITION

Plaintiff Robert L. Phillips, D.D.S., comes before the Court for his claims against Hanover Insurance Company and alleges and states as follows:

1.     Plaintiff Robert L. Phillips, D.D.S. (hereinafter "Dr. Phillips") is a resident of Oklahoma County, Oklahoma.

2.     Defendant Hanover Insurance Company (hereinafter "Defendant" or "Hanover") is an insurance carrier duly licensed and lawfully doing business in the State of Oklahoma.

3.     This Court has personal jurisdiction over Hanover because it avails itself of the privilege of doing business in the State of Oklahoma and the subject matter of this action arises under the common law and the statutes of the State of Oklahoma

4.     Venue is proper in this Court because suit on a policy against an insurance carrier may be brought in the County in which the policyholder or beneficiary instituting the suit resided at the time the cause of action accrued.



EXHIBIT 1
Petition

5.      Dr. Phillips is the policyholder of an insurance policy issued by Hanover covering the real property and premises located at 612 S. Air Depot Blvd. in Midwest City, Oklahoma. There is a commercial building located thereon.

6.      Approximately between March 18, 2012 and March 31, 2012, the building located at 612 S. Air Depot Blvd. in Midwest City, Oklahoma was burglarized and vandalized. Along with loss from theft, there was significant damage to the property and equipment as a result.

7.      At the time of the occurrence of the burglary and vandalism, Dr. Phillips was the named insured on a property insurance policy underwritten by Hanover, identified by Hanover as either policy no. 351230ZT3933490 or policy no. 391-1003 0609, which provided, among other things, coverage for loss and damage resulting from burglary and vandalism, including during periods of time when the building was under construction or renovation. At the time of the occurrence of the burglary and vandalism, the premises were under renovation. The building and premises were being renovated for use as a restaurant.

8.      Dr. Phillips subsequently made a claim with Hanover for the loss and damage resulting from the burglary and vandalism, to which Hanover assigned claim no. 14-00885226 000. Dr. Phillips submitted detailed proof of loss to Hanover identifying the damages and loss, along with proof that the building was under renovation at the time of the occurrence. By letter dated February 12, 2013, Hanover denied the claim on the basis that the terms of the policy excluded coverage for loss or damage resulting from vandalism, theft or attempted theft when the building had been vacant for more than sixty (60) consecutive days before the loss or damage occurs. However, Hanover failed to

2

consider that the building was under renovation at the time of the occurrence and, according to the terms of the policy buildings under construction or renovation are not considered vacant.

9.      Dr. Phillips has served Hanover with notice of his claim, including documentation and detailed proof of loss. All conditions precedent to maintaining this cause of action have been performed or have otherwise occurred.

10.     Hanover has engaged in *per se* statutory violations of the Oklahoma Insurance Code, and is liable for all remedies set forth under the Code.

11.     Hanover has breached its contract with Dr. Phillips, and is liable for all remedies set forth in common law for said breach.

12.     Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00) and is entitled to be awarded such damages under the insurance contract with Hanover, including interest, reasonable and necessary attorney's fees, court costs and other expenses.

13.     Under the established common law and judicial precedent in the state of Oklahoma, Hanover owes its insured, Dr. Phillips, a duty of good faith and fair dealing, due to the special relationship that exists between an insurance carrier and its insured. An insurance carrier is liable for breaching its duty of good faith and fair dealing owed to its insured when it fails to attempt in good faith effectuate a prompt, fair and equitable settlement of a claim as Hanover has done in this case. As a result, Dr. Phillips has suffered damages, including but not limited to, expenses and loss relating to the burglary and vandalism of his property, delay in being able to complete the renovations to the

3

building and premises for the purpose of opening the restaurant as planned; loss of income; and, additional interest due to delay in payment of this claim.

14.     Hanover unreasonably denied Dr. Phillips' insurance claim and acted in bad faith in connection therewith.

15.     Dr. Phillips has been forced to institute the present cause of action to recover the insured loss and damages he suffered relating to the occurrence.

16.     Dr. Phillips entered into a binding contact with Hanover for the property insurance under policy no. 391-1003 0609, and that there existed a meeting of the minds as to the premiums to be paid by Dr. Phillips, and all actions to be taken by Dr. Phillips upon suffering a covered loss and the duties and obligations of Hanover towards Dr. Phillips.

17.     Hanover breached the contract by failing to pay on a covered claim. Specifically, Hanover's contract of insurance provides that buildings under construction or renovation are not considered vacant.  Therefore, loss or damage resulting from vandalism, theft or attempted theft during a time when the building is under construction or renovation are covered losses.

18.     Hanover's breach of the contract has proximately caused Dr. Phillips' damages, to include amounts in excess of Ten Thousand Dollars ($10,000.00), including, but not limited to, the loss and damages resulting from the occurrence; delay and loss of income; interest on the policy amounts; reasonable and necessary attorney's fees in prosecuting this claim to seek the covered amounts; and, court costs and other expenses.

4

19.    Based on the bad faith of Hanover in denying the claim, Plaintiff requests and is entitled to recover an award of punitive damages against Defendant.  Dr. Phillips requests an award of punitive damages in an amount in excess of $10,000.00

20.    Dr. Phillips requests an award of actual and punitive damages against Hanover, both in amounts in excess of $10,000.00, along with pre- and post-judgment interest, attorney's fees and costs.

21.    Dr. Phillips respectfully demands his right to have a trial by jury.

J. KELLY WORK, OBA #9888
105 N. Hudson, Suite 304
Oklahoma City, Oklahoma 73102
Telephone:  (405) 232-2790
Facsimile:  (405) 232-3966
*Attorney for Plaintiff Robert L. Phillips, D.D.S.*

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

5