IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. PHILLIPS, D.D.S., an individual, and ROBERT L. PHILLIPS, D.D.S., as TRUSTEE OF THE ROBERT L. PHILLIPS REVOCABLE TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> HANOVER INSURANCE COMPANY, <br><br> Defendant. | Case No. CIV-14-871-R |

## ORDER

Before the Court is Defendant Hanover Insurance Company's Motion to Dismiss Claims by Plaintiff Phillips as an Individual. Doc. No. 10. Plaintiffs have sued Defendant for breach of contract and breach of its duty of good faith and fair dealing in denying coverage for damages that resulted when the insured property was burglarized and vandalized. Second Am. Compl. ¶¶ 6-8, 11, 12. Defendant moves to dismiss all claims by Plaintiff Phillips in his individual capacity under Fed. R. Civ. P. 17(a)(1), which requires an action to be brought only by the real party in interest.

The Court looks to Oklahoma law to determine if Phillips is a real party in interest under Rule 17(a). *See U.S. Cellular Inv. Co. of Oklahoma City v. Sw. Bell Mobile Sys., Inc.*, 124 F.3d 180, 182 (10th Cir. 1997); *F.D.I.C. v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992). Under Oklahoma law, a party seeking to enforce a contract insuring real property must have an insurable interest in the property. OKLA. STAT. ANN. tit. 36, §3605(A) (West). An "insurable interest" is defined as "any actual, lawful, and

substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." *Id.* § 3605(B). To determine if a party has an insurable interest in property, Oklahoma follows the "factual expectation" test, which requires the Court to determine if the party "would gain some economic advantage by the insured property's continued existence or, in the alternative, … suffer some economic detriment from its loss or destruction." *Gray v. Holman*, 909 P.2d 776, 781 (Okla. 1995). If the party has an insurable interest, he has a right to enforce the contract "regardless of the property's legal status." *Snethen v. Oklahoma State Union of Farmers Educ. & Co-op. Union of Am.*, 664 P.2d 377, 380 (Okla. 1983).

Phillips alleges in the Second Amended Complaint that he is the trustee of the Robert L. Phillips Revocable Trust, that he is the insurance policyholder, and that title to the insured property is held by Robert L. Phillips, Trustee of the Robert L. Phillips Revocable Trust. Second Am. Compl. ¶¶ 1, 5. Defendant argues that because Phillips does not hold title to the property in his individual capacity, but only as a trustee, Phillips does not have an insurable interest in the property as an individual. Plaintiff responds that as the beneficiary of the trust, he holds equitable title to the property, and as such, has an insurable interest in the property.

As Defendant rightly points out, Plaintiff nowhere alleges in the Second Amended Complaint that he is the beneficiary of the Robert L. Phillips Revocable Trust that holds title to the property. Absent such an allegation, and absent any other allegation concerning how Phillips as an individual has suffered "some economic detriment" from

the damage to the property, the Court finds that Plaintiff Phillips as an individual is not a real party in interest under Rule 17(a).

In accordance with the foregoing, Defendant's motion to dismiss claims by Plaintiff Phillips as an individual is GRANTED.

IT IS SO ORDERED this 23rd day of October, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE