# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT L. PHILLIPS, D.D.S., an individual, and ROBERT L. PHILLIPS, D.D.S., as TRUSTEE OF THE ROBERT L. PHILLIPS REVOCABLE TRUST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-871-R |
| HANOVER INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Order Compelling Discovery. Doc. No. 26. Four Interrogatories and nine Requests for Production are in dispute. *See* Doc. No. 31. Plaintiffs have sued Defendant for breach of contract and breach of its duty of good faith and fair dealing in denying coverage for damages that resulted when the insured commercial building was burglarized and vandalized. Third Am. Compl. ¶¶ 5, 7, 9, 12-13. According to the Third Amended Complaint, Defendant "denied the claim on the basis that the terms of the policy excluded coverage for loss or damage resulting from vandalism, theft or attempted theft when the building had been vacant for more than sixty (60) consecutive days before the loss or damage occurs." *Id.* ¶ 9. Plaintiffs allege that the building was under renovation at the time, and therefore was not "vacant' under the terms of the policy. *Id.* Having considered the parties' submissions, the Court grants the motion in part and denies it in part.

## Analysis

### A. Relevancy of Premium Payments

In Interrogatory No. 8, Plaintiffs ask Defendant to identify "all payments made by Plaintiffs to Hanover Insurance Company relating to the insurance policy that is the subject of this action." Doc. No. 28, Ex. 1, at 6. Defendant argues that this request is not reasonably calculated to lead to the discovery of admissible evidence because the validity of the insurance contract is not in dispute. Doc. No. 28, at 5-6.

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." There is no requirement that evidence be in dispute in order to be admissible. *See Old Chief v. United States*, 519 U.S. 172, 649-50 (1997) ("The fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice, rather than any general requirement that evidence is admissible only if directed to matters in dispute." (citation omitted) (quoting FED. R. EVID. 401 advisory committee's note)).

Plaintiffs' payments on the policy are relevant to their breach of contract claim. To prevail on this claim, they must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) (footnote omitted). "An essential

2

element of a contract is sufficient consideration." *Thompson v. Bar-S Foods Co.*, 174 P.3d 567, 574 (Okla. 2007) (footnote omitted) (citing OKLA. STAT. ANN. tit. 15, § 2 (West)). Plaintiffs' policy payments are therefore relevant to their breach of contract claim. Defendant shall answer Interrogatory No. 8.

## B. Publicly Available Evidence and Relevancy of Out-of-State Conduct

In modified Interrogatory No. 4, Plaintiffs ask Defendant to identify and explain all "lawsuits resulting from denials of commercial property loss claims for damages from burglary or vandalism based upon the 'vacancy' provision of the policies" for the period beginning one year before the loss at issue in this case and extending to the present date. *Id.* at 4; Doc. No. 31, at 1-2. In modified Request for Production ("RFP") No. 8, Plaintiffs ask Defendant to produce "all documents relating to market conduct examination and orders for the type of policy that is the subject of this action" that are "based on the vacancy provisions of the policies." Doc. No. 28, Ex. 2, at 6; Doc. No. 31, at 5.

Defendant objects to both requests on the basis that such information is publicly available. Doc. No. 28, at 7-9. The Court is aware of no requirement that information be unavailable to the public in order to be discoverable.[1] The undersigned therefore rejects

---

[1] Courts consistently hold that parties have an obligation to produce even publicly available information. *See, e.g.*, *Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898-CIV, 2012 WL 3260324, at *5 (S.D. Fla. Aug. 8, 2012) ("Whether the documents are available to Plaintiffs through due diligence does not control whether Topete should be compelled to produce them."); *Morgan v. Safeway Inc.*, No. WMN-11-1667, 2012 WL 2135601, at *2 (D. Md. June 11, 2012) ("[E]ven publicly available information might properly be the subject of a valid request for production of documents."); *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) ("Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." (citations omitted)); *Pennfield Oil Co. v. Alpharma, Inc.*, No. 8:09CV345, 2010 WL 2243342, at *3 (D. Neb. June 1, 2010) ("The fact that such documents are available in the public domain does not necessarily excuse Pennfield of its discovery obligations."); *Interlego A.G. v. F.A.O. Schwartz, Inc.*, No. 18835, 1977 WL 22795, at *1 (N.D. Ga. Aug. 12, 1977) ("The public availability in the Danish

this objection as a basis for denying the motion to compel with respect to these two discovery requests.

Defendant also objects to modified Interrogatory No. 4 and modified RFP No. 8 on the basis that the information sought is not reasonably calculated to lead to the discovery of admissible evidence because the scope of these requests includes information not governed by Oklahoma law. Doc. No. 28, at 8. The Court finds Defendant's out-of-state conduct relevant to Plaintiffs' request for punitive damages. *See* Third Am. Compl. ¶ 20. "Lawful out-of-state conduct may be probative when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); *see also Gilbert v. Sec. Fin. Corp. of Oklahoma, Inc.*, 152 P.3d 165, 179 (Okla. 2006) ("With the proper limiting instruction, *Campbell* allows the jury to consider evidence of out-of-state conduct in determining a defendant's 'deliberateness and culpability' and of in-state conduct in punishing a defendant if the conduct has a 'nexus to the specific harm suffered by the plaintiff.'" (quoting *Campbell*, 538 U.S. at 422-23)). Accordingly, information sought by RFP No. 8 is reasonably calculated to lead to the discovery of admissible evidence.

Finally, Defendant objects to modified Interrogatory No. 4 on the basis that it is overly burdensome, and to RFP No. 8 on the basis that it is vague. Doc. No. 28, Ex. 1, at 4, Ex. 2, at 6. With respect to vagueness, under Federal Rule of Civil Procedure 34,

---

Patent Office of some or all of the documents does not foreclose defendant's request." (citing Moore's Federal Practice, § 26.59 at 26-219 and § 34.12 at 34-92 (1975))).

Plaintiffs "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). The Court finds that this standard has been met with regard to modified RFP No. 8, as Defendant notes that the market conduct examination and orders documents requested "are … available to the parties through an open records request to the Oklahoma Department of Insurance." Doc. No. 28, at 9.

As for the burden of answering modified Interrogatory No. 4, Defendant notes that it "does not categorize or track lawsuits by denial of claims for vacancy," and that "the most efficient way to identify responsive lawsuits is legal research into public court records." *Id.* at 8-9. The Court does not find that the burden of this legal research outweighs the benefit to Plaintiffs considering Defendant's resources, the importance to Plaintiffs of establishing a pattern of denial of claims based on the policy's vacancy provision to support their bad faith claim, and the importance of their bad faith claim to their request for punitive damages. *See* FED. R. CIV. P. 26(b)(2)(C)(iii). Defendant shall respond to modified Interrogatory No. 4 and produce documents responsive to modified RFP No. 8. In its response to modified Interrogatory No. 4, Defendant shall "identify each lawsuit by case number, plaintiff's name, plaintiff's attorney's name and the forum where filed." Doc. No. 28, Ex. 1, at 4.

In RFP No. 15, Plaintiffs ask Defendant to produce "the claims files relating to other denials of claims by Hanover Insurance Company that are identified in [its] response to Plaintiff's Interrogatory No. 4." Doc. No. 28, Ex. 2, at 11. It later limited this request to "lawsuits resulting from denials of similar claims." *Id.* Plaintiffs state that they seek "the documents that are requested to be identified in Interrogatory No. 4." Doc. No.

31, at 7. But the information sought to be identified in modified Interrogatory No. 4 is "all lawsuits resulting from denials of commercial property loss claims for damages from burglary or vandalism based on the 'vacancy' provision of the policies." Doc. No. 31, at 2. Because a "lawsuit" does not consist of a particular set of documents, both Defendant and the undersigned are unclear as to what documents Plaintiffs seek in RFP No. 15. Doc. No. 28, Ex. 2, at 12. Accordingly, the motion to compel is denied to the extent it seeks documents pursuant to RFP No. 15.

### C. Privilege Log

In Interrogatory No. 9, Plaintiffs ask Defendant to identify "all persons contacted and/or interviewed by [it] or [its] representatives in connection with this case, regardless of whether said persons were included in any investigative report or whether said persons were asked to give a statement." Doc. No. 28, Ex. 1, at 7. One of Defendant's objections was that this information constitutes attorney work product. *Id.* In response, "Plaintiffs' counsel indicated that Interrogatory No. 9 does not seek attorney work product, but instead seeks to know whether any interviews were conducted by Hanover." *Id.* Given that clarification, "Hanover asserts no privilege objections regarding contacts and interviews by Hanover employees regarding this case, save those involving undersigned counsel," and Defendant asserts that Plaintiffs can find the rest of the information requested in the claim file already provided to them. *Id.* But Plaintiffs maintain that they are entitled to a privilege log "with regard to all persons contacted and/or interviewed by Defendant or their representatives, including Defendant's attorneys." Doc. No. 31, at 2-3.

6

Plaintiffs are not entitled to a privilege log in reference to Defendant's response to Interrogatory No. 9. First, much of the information they seek is in the claim file already in their possession. Second, the identity of the individuals contacted by Defendant's attorneys for interviews in connection with this case is protected work product.

The work product doctrine, even in a diversity action, is governed by federal law. *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). Under Federal Rule of Civil Procedure 26(b)(3), the work product doctrine protects (1) documents and tangible things, (2) that were prepared in anticipation of litigation or trial, and (3) that were prepared by or for another party or a party's representative. "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he[/she] can analyze and prepare his[/her] client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "[A]n interrogatory asking a party to identify all persons interviewed would contravene work product….intruding into the heart of attorney trial preparation." *Lamer v. Williams Commc'ns, LLC*, No. 04-CV-847-TCK-PJC, 2007 WL 445511, at *2 (N.D. Okla. Feb. 6, 2007) (quoting 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2028, p. 415 (1994)). Therefore, Defendant has satisfied its obligation with regard to Interrogatory No. 9.

**D. Reference to Claim File Under Rule 33(d)**

In Interrogatory No. 17, Plaintiffs ask Defendant to identify and explain "the details of any in-person or telephone conversations between Plaintiffs and Hanover Insurance Company's representatives, employees or agents regarding the claim that is the subject of this action, including the names and addresses of persons present or

participating in such conversations." Doc. No. 28, Ex. 1, at 13. In response, Defendant states that such information is available in the claim file already provided to Plaintiffs' counsel. *Id.* Plaintiffs contend that reference to the claim file is insufficient and the Court should order Defendant to answer the interrogatory. Doc. No. 31, at 3.

Under Federal Rule of Civil Procedure 33(d), "[i]f the answer to an interrogatory may be determined by examining … a party's business records…, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by … specifying the records that must be reviewed ... and giving the interrogating party a reasonable opportunity to examine and audit the records." The burden of ascertaining the details of any in-person or telephone conversations between Plaintiffs and Defendant's representatives regarding the claim at issue by looking at the claim file is substantially the same for all parties, and Defendant has satisfied the requirements of Rule 33 by providing the file to Plaintiffs' counsel. The Court finds that Defendant has satisfied its obligation with regard to Interrogatory No. 17.

**E. Claims Office Manual**

In RFP No. 12, Plaintiffs ask for "all documents relating to the complete 'Claims Office Manual' … used by Hanover Insurance Company for the handling of commercial property loss claims" for 2010-2013. Doc. No. 28, Ex. 2, at 8. Defendant states that it has a "Property Best Practices" manual, but it "contains nothing regarding vacancy exclusions or denials related thereto." Doc. No. 28, at 12. It offers to submit the manual to the Court for an *in camera* inspection to determine relevancy. *Id.*

Whether to review documents *in camera* is within the discretion of the Court. *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1493 (10th Cir. 1990). But an *in camera* review to assess relevancy is appropriate only in "highly unusual circumstances." *In re Grand Jury Proceedings*, 616 F.3d 1186, 1205 (10th Cir. 2010). The Court can determine from the RFP itself that the discovery sought is reasonably calculated to lead to the discovery of admissible evidence. The claims manual is relevant to whether this particular claim was handled in accordance with Defendant's policy, and it could reveal Defendant's guidelines for interpreting policy language generally, or the vacancy provision in particular. *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 646 (D. Kan. 2007).

Finally, Defendant objects to RFP No. 12 on the basis that it is vague as to the meaning of "Claims Office Manual." Doc. No. 28, Ex. 2, at 8. Under Federal Rule of Civil Procedure 34, Plaintiffs "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). The Court finds that this standard has been met with regard to RFP No. 12. This request seeks any document containing Defendant's policies, procedures, and/or guidelines for handling commercial property loss claims from 2010 through 2013. Defendant shall produce documents responsive to RFP No. 12.

### F. Claim and Underwriting Guidelines

In RFP No. 2, Plaintiffs ask Defendant to produce "all documents relating to the underwriting file for the policy that is the subject of this action." Doc. No. 28, Ex. 2, at 1. Defendant argues that this request is not reasonably calculated to lead to the discovery of

admissible evidence. *Id.* at 1-2. In RFPs No. 3 and No. 4, Plaintiffs ask for "all documents relating to the claim guidelines for the type of claim that is the subject of this action" (No. 3) and "all documents relating to underwriting guidelines for the type of policy that is the subject of this action" (No. 4). *Id.* at 2-3. Defendant argues that RFPs No. 3 and No. 4, (1) are vague; (2) ask for information that is not reasonably calculated to lead to the discovery of admissible evidence; (3) ask for trade secrets, (4) are overbroad as to the timeframe; and (5) are burdensome, and the burden of complying with these requests outweighs their likely benefit. *Id.*

1. **Request for Production No. 3**

In response to Defendant's objections, Plaintiffs narrowed the timeframe of RFP No. 3 to one year before the loss at issue in this case to the present date ("modified RFP No. 3"). *Id.* at 2. In a supplemental response, Defendant stated that based on conversations with Plaintiffs' counsel, it understands this request to be for material providing "how-to instructions for claims handling by Hanover adjusters," and that "[n]o such claims guidelines exist." *Id.* at 2-3. In reply, Plaintiffs state that the request is broader and includes "any type of guidelines relating to claims similar to the type of claim that is the subject of this action." Doc. No. 31, at 4. Given Plaintiffs' narrowing of the timeframe, the Court considers the objection that RFP No. 3 is overbroad withdrawn. The undersigned also finds that this request is described with reasonable particularity, satisfying Rule 34(b)(1)(A), and thus rejects Defendant's argument based on vagueness. The undersigned will address each of the remaining three objections in turn.

### a) Relevance

Defendant objects to modified RFP No. 3 on the basis of relevance. Plaintiffs argue that the guidelines requested are sought to review Defendant's organizational practices. Doc. No. 31, at 3-4. Plaintiffs are suing for breach of contract and bad faith resulting from the denial of coverage when the insured property was burglarized and vandalized. The Court agrees with Plaintiffs that any guidelines that exist with respect to the type of claim at issue in this action are reasonably calculated to lead to the discovery of admissible evidence on the issue of whether Defendant acted in bad faith in denying their claim.

### b) Burden

Defendant next argues that "the burden and expense of the requested discovery outweighs its likely benefit." Doc. No. 28, Ex. 2, at 2; *see* FED. R. CIV. P. 26(b)(2)(C)(iii). Absent more explanation from Defendant as to the extent of the burden, the Court does not find that the burden of producing any guidelines that exist relating to the claim at issue outweighs the likely benefit to Plaintiffs in supporting their bad faith claim. *See Morrison v. Chartis Prop. Cas. Co.*, No. 13-CV-116-JED-PJC, 2014 WL 840597, at *1 (N.D. Okla. Mar. 4, 2014) ("Objections to discovery requests must be stated with specificity. Mere boilerplate objections or the familiar litany of 'overly broad, vague or burdensome,' without more, is not sufficient.'" (citations omitted)); *cf.* FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere

statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory.").

### c) Trade Secrets

Finally, Defendant asserts that the information requested includes trade secrets. Consistent with Rule 26(c), Defendant shall respond to RFP No. 3, but if Defendant seeks to protect any trade secrets contained within the information requested, the parties shall provide for such protection in a joint proposed protective order filed by April 27, 2015. Defendant shall respond to modified RFP No. 3 within three days after the protective order is entered. This same procedure shall apply to any information containing trade secrets or proprietary information that Defendant seeks to protect from unwarranted disclosure.

### 2. Requests for Production No. 2 and No. 4

Defendant contends that the requests for "all documents relating to the underwriting file for the policy that is the subject of this action" and "all documents relating to underwriting guidelines for the type of policy that is the subject of this action" are not reasonably calculated to lead to the discovery of admissible evidence because "Plaintiffs do not allege any wrongdoing by Hanover as to the manner in which Plaintiffs' insurance policy was formulated by underwriters." Doc. No. 28, at 6-7. The Court agrees. Under Oklahoma law, "the conduct of the insurer and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract." *Claborn v. Washington Nat'l Ins. Co.*, 910 P.2d 1046, 1051 (Okla. 1996)

(citation omitted).[2] Underwriting is "[t]he act of assuming a risk by insuring it," or "the insurance of life or property," BLACK'S LAW DICTIONARY (10th ed. 2014) (West), which occurs when the insurer sells and issues the policy. Therefore, production of documents related to Defendant's underwriting file and guidelines is not reasonably calculated to lead to the discovery of admissible evidence in this suit for breach of contract and bad faith. Defendant need not respond to RFPs No. 2 and No. 4.

### G. Training Materials

In modified RFP No. 6, Plaintiffs seek "all documents relating to adjuster training materials for the type of claim that is the subject of this action," for "the period of time starting one year before the loss at issue in this action and extending to the present date." Doc. No. 28, Ex. 2, at 4-5. In RFP No. 13, they seek "all documents relating to the complete 'Training Manual' … used by Hanover Insurance Company for the purpose of training their employees in the handling of commercial property loss claims" for 2010-2013. *Id.* at 9. Defendant objects to these requests on the grounds that they are vague, irrelevant, and overly burdensome. Doc. No. 28, at 9-10. It also objects to RFP No. 6 on the basis that its timeframe is overbroad. Doc. No. 28, Ex. 2, at 4-5.

#### 1. Vagueness

Defendant objects to these requests first because they are vague. Doc. No. 28, at 9-10. Given the clarity of the request and the fact that Defendant acknowledges that this

---

[2] *See also Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997) ("The tort of bad faith breach of an insurance contract must be based upon an insurer's wrongful denial of a claim; it cannot be based upon the conduct of the insurer in selling and issuing the policy." (citing *Claborn*, 910 P.2d at 1051)); *Miller v. Farmers Ins. Grp.*, No. CIV-10-466-F, 2012 WL 8017244, at *14 (W.D. Okla. Mar. 22, 2012) ("There are no Oklahoma cases which have concluded that the tort of bad faith encompasses non-claims related conduct—sales, pricing and underwriting practices—alleged in this case.").

request "refers to a plethora of information," such as training materials for in-person training, as well as online workshops and webinars, Doc. No. 28, at 10, the Court finds that this request is not vague and satisfies Rule 34(b)(1)(A)'s requirement that the item sought be described with reasonable particularity.

### 2. Burden

Defendant further contends that the training materials requested are "not readily producible." Doc. No. 28, at 10. It asserts that "Hanover adjusters are trained both in person, and through online workshops and webinars, and the adjusters involved in this case are not repositories of these training materials, nor do they possess them." *Id.* Although the adjusters may not possess the training materials, Hanover Insurance Company, the party to whom the requests for production are directed, should certainly have access to such materials. Without a reasonable explanation as to the extent of the burden in producing these materials for Defendant, the Court cannot find that the burden outweighs the likely benefit of the materials to Plaintiffs.

### 3. Relevancy and Timeframe

Defendant next objects that adjuster training materials are irrelevant to Plaintiffs' claims. *Id.* Plaintiffs argue that these materials are relevant to their bad faith claim, because they will help Plaintiffs understand Defendant's organizational practices. Doc. No. 31, at 4-7. The Court agrees that this request for training materials is reasonably calculated to lead to the discovery of admissible evidence in support of Plaintiffs' bad faith claim. *See, e.g.*, *Massey v. Farmers Inc. Grp.*, 986 F.2d 1428 (10th Cir. 1993) (unpublished) (finding as evidence of bad faith the fact that the insurer acted contrary to

its training manual by invoking an appraisal process after a fire destroyed the plaintiffs' home).

However, the undersigned does find that the timeframe of one year before the loss at issue in this action to the present date is overbroad as applied to modified RFP No. 6. According to the Third Amended Complaint, the loss occurred between March 18, 2012 and March 31, 2012, and Plaintiffs' claim was denied by Defendant by a letter dated February 12, 2013. Third Am. Compl. ¶¶ 7, 9. Training materials used in 2014 and 2015 are not reasonably calculated to lead to the discovery of admissible evidence on claims for breach of contract and bad faith for a loss that occurred in 2012 and a claim that was denied in early 2013. Therefore, Defendant shall produce materials responsive to modified RFP No. 6 covering the period from one year before the loss at issue in this action to December 31, 2013. Defendant shall also produce materials responsive to RFP No. 13.

**H. Annual Financial Statements**

In RFP No. 11, Plaintiff seeks "all documents relating to the annual financial statements for Hanover Insurance Company for the five (5) years preceding this request." Doc. No. 28, Ex. 2, at 7. The Court rejects Defendant's objection that these documents are publicly available. *See supra* Section B & note 2. Defendant also argues that this request is burdensome in light of vagueness. Plaintiffs seek this information to support their bad faith claim, and in particular to support their request of punitive damages. Doc. No. 31, at 5. Because Defendant states that "this request may also be satisfied by Hanover

Insurance Group's Annual Reports produced during the stated time frame, all of which are available online," Doc. No. 28, at 11, the Court rejects this objection.

Finally, Defendant contends that the information requested is not relevant to Plaintiffs' claims. Doc. No. 28, Ex. 2, at 7. The undersigned disagrees. Plaintiffs seek punitive damages from Defendant. Third Am. Compl. ¶ 20. In determining the amount of punitive damages to award, a jury may consider the financial condition of the defendant. OKLA. STAT. ANN. tit. 23, § 9.1(A)(7) (West). Accordingly, Defendant's most recent financial statements are relevant to this request for punitive damages. Defendant shall produce documents responsive to RFP No. 11.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Order Compelling Discovery [Doc. No. 26] is GRANTED in part and DENIED in part. Defendant shall answer modified Interrogatory No. 4 by April 27, 2015. In its response to modified Interrogatory No. 4, Defendant must identify each lawsuit by case number, plaintiff's name, plaintiff's attorney's name, and the forum where filed. Defendant shall also answer Interrogatory No. 8 by April 27. Further, by April 27, Defendant shall produce materials responsive to RFP No. 3; modified RFP No. 6, covering the period from one year before the loss at issue in this action to December 31, 2013; modified RFP No. 8; and RFPs No. 11, No. 12, and No. 13.

If Defendant seeks to have information given in any interrogatory or documents produced in response to any request for production subject to a protective order, Defendant need not answer such interrogatories or produce such documents by April 27.

16

Rather, the parties shall submit to the Court a joint proposed protective order covering such information by April 27, and Defendant shall respond to any remaining interrogatories and/or requests for production within three days after the protective order is entered.

Plaintiffs' motion is denied in all other respects.

IT IS SO ORDERED this 20th day of April, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE